No. 12,023.

MILLER, ET AL *v.* CAMPBELL, ET AL.

Decided April 1, 1929.

Messrs. SABIN & SABIN, for plaintiffs in error.

Mr. A. C. JOHNSON, for defendants in error.

*Department One.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiffs below, defendants in error here, Leroy Campbell and his wife, in 1925 sold to the defendants below, Miller and Miller, plaintiffs in error here, farm lands in Bent county, together with live stock, farming tools and equipment, for the agreed sum of $25,000, conveying the premises by warranty deed. The defendants Miller paid on the purchase price $10,000 and gave their

promissory note to the plaintiff Campbell for the balance of $15,000 and secured the same by a deed of trust on the lands. The grantees, the Millers, not being able to carry out the contract of sale, the parties, in 1927, entered into a written contract whereby the defendants Miller and Miller agreed to, and did, reconvey the premises to the plaintiffs Campbell and the latter waived any further claim on the Millers on the $15,000 unpaid note. After taking possession under this written contract the plaintiffs, the Campbells, discovered, as they say, and made claim that the premises so reconveyed had been injured by the defendants while in the possession of the latter under the original sale contract, by the detachment and removal therefrom of articles and things, such as a hog-house, hay barn, self-feeder, used wire fence, etc., all of which had theretofore been affixed to, and had thereby become integral parts of, the land itself. The Millers, the defendants, refusing to pay the amount of the damages thus resulting and demanded, the plaintiffs, the Campbells, brought this action in the court of a justice of the peace to recover, and there secured, a judgment of $200. On the appeal of the Millers therefrom to the county court, the Campbells again recovered against the defendants Miller, the same amount as their damages and this latter judgment is now before us on review by a writ of error of the Millers.

The county court instructed the jury in effect that the Millers, mortgagors in possession, had no right, during the existence of the lien of the mortgage and without the mortgagees' consent, to remove such articles which at the time the mortgage was given, were parts of the real estate thus encumbered. The defendants Miller say that such an instruction would be, or might be, correct were this an action by mortgagees to recover of the mortgagors the value of the articles removed during the lien of the mortgage; but the Millers say that since the Campbells released the Millers from further obligation on the $15,000 note the lien of the mortgage ceased and, there-

fore, the instruction is incorrect. The defendants Miller further say that before their reconveyance of the land to the Campbells, the plaintiffs, this land was their sole legal property and the Campbells had only a lien thereon. If, during that period of time when the lien was in force, the defendants, mortgagors, severed the articles from the real estate, they were only removing what they had a right to remove, subject only to a claim by the Campbells, mortgagees, that thereby their security was being lessened, but such a claim became groundless when the Campbells accepted a reconveyance in full satisfaction of the secured debt. Still further the Millers put the proposition in another light and say that all matters of difference between the parties were settled by their written contract and reconveyance to the Campbells; and since there is no showing that the removal of the fixtures was after the settlement, the plaintiffs, the Campbells, may not complain.

From this summary of the facts it appears beyond question, and there is no evidence whatever to the contrary, and it is entirely a proper inference, that when the written contract in 1927 for a settlement of the controversy was made, the Campbells, former mortgagees, made their settlement upon the supposition that the land which was reconveyed to them was not merely the ground itself, but the ground with all of these various articles still situate thereon which afterwards, without the consent of the Campbells, the Millers detached and removed. That being true, in our view it is not material whether the instruction of the court was or was not technically erroneous. Under the uncontradicted facts the trial court was justified in giving, and should have given, to the jury, a mandatory instruction to return a verdict for the plaintiffs Campbells in an amount equal to the reasonable value of the articles which the defendants Miller wrongfully removed from the premises. The value of this farm land, a reconveyance of which the Campbells accepted as a full discharge of the Millers from

their obligation on the note, was the land together with the value of these things unlawfully removed. It is immaterial when the Millers removed these things. In making the settlement the Campbells rightly assumed that they were getting back the farm intact, not diminished in value by the severance and removal of the articles and things, the value of which the jury found to be $200. Therefore, it follows that even if the instruction of the court was technically erroneous, the Millers are not harmed by it. The undenied facts in the record are of such probative effect as to make the Millers liable in law for the value of the removed articles which, by their contract of settlement, belong to the Campbells. The judgment is therefore right, and it is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.